# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAILIN D. SMILEY,

                    Plaintiff,

v.

GAP, INC.,

                    Defendant.

Case No. 25-CV-1080-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff Jailin D. Smiley ("Smiley") sued Defendant Gap, Inc. ("Gap") in July 2025, alleging that Defendant's actions against him—namely, terminating him for reporting workplace harassment—violated federal law. ECF No. 1. Smiley purportedly served Gap in October 2025, ECF No. 6, but Gap had not yet appeared in this case. Accordingly, on February 5, 2026, Smiley moved for entry of default, ECF No. 7, which the magistrate judge presiding over the case at the time construed as both a request for the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) *and* a motion for default judgment pursuant to Rule 55(b). ECF No. 8. The Clerk of Court subsequently entered default against Gap, Feb. 13, 2026 docket entry, and the magistrate judge ordered that the matter be transferred to this branch of the court for consideration of Smiley's motion for default judgment, ECF No. 8. Thereafter Gap appeared and moved to vacate entry of default. ECF No. 9. Smiley never responded to Gap's motion to vacate, and the time do so has long passed. Accordingly, that motion is ripe for review.

For the reasons stated herein, Gap's motion to vacate entry of default will be granted and Smiley's motion for default judgment will be denied. Gap will be provided twenty-one (21) days within which to file either an answer or an executive summary regarding an anticipated motion to dismiss in compliance with the Court's Comprehensive Protocols and Procedures Order, which the Court will enter contemporaneously with this Order.

## 2.     MOTION TO VACATE ENTRY OF DEFAULT

The Court begins by noting that Gap challenges whether service was proper in any instance in this case. ECF No. 10 at 4 ("[T]he proof of service provided by [Smiley] demonstrates [that] service did not, in fact, occur."). If Gap was, indeed, never properly served, then the default entered against it, just as any potential default judgment, would be void. *See Relational LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("[A] judgment is void as to any party who was not adequately served." (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005); and *Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 448 (7th Cir. 2003))); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 302 (7th Cir. 1991) ("[T]he extent to which the plaintiff 'tried' to serve process should not be a factor as to whether a federal court has personal jurisdiction over a defendant. Rather, the requirements of Rule 4 are satisfied only when the plaintiff is successful in serving the complaint and summons on the defendant."). This is true even though Gap clearly now has actual notice of this lawsuit. *Welty v. Heggy*, 369 N.W.2d 763, 766 (Wis. Ct. App. 1985) ("[W]hen a statute prescribes how service is to be made, compliance with the statute is required for personal jurisdiction even

where the defendant has actual notice of the summons and complaint." (quoting *Horrigan v. State Farm Ins. Co.*, 317 N.W.3d 474, 477 (Wis. 1982))).

"A process server's affidavit identifying the recipient and when and where service occurred is 'prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015) (quoting *O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). In a circumstance, as here, where a defendant provides an affidavit swearing that it was not properly served, and that affidavit directly contradicts the affidavit of service, *contrast* ECF No. 6 *with* ECF No. 15, the Seventh Circuit counsels against the Court simply accepting one affidavit as true, *Durukan America*, 787 F.3d at 1163–64, and district courts read that as requiring an evidentiary hearing. *See Goat LLC v. Adv. Wholesale LLC,* No. 23-CV-1526-JPS, 2024 WL 3385582, at *3 (E.D. Wis. July 11, 2024) (collecting cases). Because the Court vacates default as to Gap on other grounds, *see infra* Section 2.2, it will decline to hold an evidentiary hearing on service at this juncture. The parties should be aware of this standard, however, should personal jurisdiction become an issue moving forward in this case.

### 2.1    Legal Standard

The Court has discretion to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To set aside a default, Gap must show "(1) good cause for [the] default[,] (2) quick action to correct it[,] and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). This standard is "lenient" when applied to Rule 55(c). *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also United States f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co.*, No.

17-CV-1473-PP, 2018 WL 4120175, at *5 (E.D. Wis. Aug. 29, 2018). So long as Gap "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," good cause exists. *Cracco*, 559 F.3d at 631 (citing *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987)). Additionally, "[t]his Circuit has a well[-]established policy favoring a trial on the merits over a default judgment." *Yong-Qian Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

### 2.2 Analysis

#### 2.2.1 Good Cause

Gap asserts that good cause exists to vacate the default because "it was never served." ECF No. 10 at 4. Gap claims that Smiley's affidavit of service provides false information because the "alleged agent" that was served, Joe Manager, "is not a real person" and that Gap has searched its records and "has located no record of ever being serviced in this case." *Id.* Gap's supporting affidavit further indicates that "[n]o person by the name of 'Joe Manager' appears in Gap's employment files as an employee or an agent authorized to accept service on behalf of Gap." ECF No. 11 at 1. While the Court will not make a finding at this juncture as to whether Gap was properly served, it nevertheless finds that good cause exists here to vacate the Clerk's entry of default because Gap has no record of ever being served, be it because no proper service occurred or because of some clerical mix-up.

As the Court noted above, the standard for vacating entry of default is applied leniently, and the Seventh Circuit has a well-established policy favoring trial on the merits over default. *Cracco*, 559 F.3d at 631; *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *5; *Sun*, 473 F.3d at 811 (citation omitted).

The Court lastly notes that, even if it found that no good cause exists for Gap's failure to timely respond, it may still find good cause for the judicial action of vacating. Indeed, the Seventh Circuit has stated that this is the true standard in any instance. *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error . . . ."). "In *Sims*, the Seventh Circuit reasoned that a district court could find good cause to vacate the default where the judgment would result in a sanction disproportionate to the extent of the defendant's mistake." *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *7. "This is especially true where [Smiley] has not identified any prejudice [he] has suffered as a result." *Id.* The same is true here. Smiley has identified no prejudice to vacating the default against Gap, and the Court finds that good cause exists for the vacatur.

### 2.2.2  Quick Action to Correct

The Court next considers whether Gap has shown that it took quick action to correct its default. *Pretzel & Stouffer*, 28 F.3d at 45 (citation omitted). Gap moved to vacate the entry of default thirty-four days after the Clerk's entry of default against it. *Compare* Feb. 13, 2026 docket entry *with* ECF No. 9. Gap contends that this timeline constitutes quick action. ECF No. 10 at 5.

"Evaluating the speed with which a party seeks to set aside an entry of default is a context-specific inquiry that requires the Court to consider the 'possible prejudice' to the plaintiff." *Dunn v. GJI, Inc.*, No. 1:16-CV-03276-RLY-MJD, 2017 WL 3328129, at *3 (S.D. Ind. June 28, 2017), *report and recommendation adopted*, No. 1:16-CV-03276-RLY-MJD, 2017 WL 3314792 (S.D. Ind. Aug. 3, 2017) (citing *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792–93 (7th Cir. 2015)). Smiley does not argue that he has suffered any prejudice by Gap's thirty-four-day delay in moving to vacate the default—

indeed, Smiley failed to respond to Gap's motion to vacate at all. Courts within the Seventh Circuit have found that moving to vacate even after a period of several months still constituted "quick action" for purposes of Rule 55(c), particularly where the plaintiff had not demonstrated any prejudice from the delay. *See id.* at *3 (finding that the defendant took quick action despite an over three-month delay in moving to vacate in light of the totality of the circumstances and "[m]ost critical[ly] . . . [because] Plaintiff ha[d] not been prejudiced whatsoever by [the d]efendant's delay"); *Delange v. Vision Drywall, LLC*, No. 2:07-CV-228-PPS-APR, 2010 WL 3893962, at *2 (N.D. Ind. Sept. 30, 2010) (finding that a two-month delay by unrepresented defendant constituted "quick action" and vacating default). Given the circumstances of this case—the question of whether Gap was properly served at all and the mere thirty-four days within which Gap moved to vacate default after default was entered against it—the Court finds that Gap has taken quick action to correct.

### 2.2.3 Meritorious Defenses

Lastly, the Court considers whether Gap has any meritorious defense to the complaint. *Pretzel & Stouffer*, 28 F.3d at 45 (citation omitted). Gap avers that it has several meritorious defenses to Smiley's claims. Specifically, Gap argues that (1) it never employed Smiley and therefore Smiley can bring no claim against it, ECF No. 10 at 1, 5; (2) Smiley cannot make out a prima facie case of retaliation, *id.* at 6; and (3) Smiley's employer had "a legitimate, non-retaliatory reason for ending [Smiley's] employment" related to Smiley's misconduct, *id*.

A meritorious defense for the purposes of Rule 55(c) means "more than bare legal conclusions, . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir.

2014) (citations omitted). At this stage the Court "does not judge the veracity of [Defendant's] claims"; rather, it determines simply whether they consist of more than bare legal conclusions. *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *8. The Court here finds that each of these defenses have the possibility of prevailing.

Because Gap has shown good cause for its default, quick action to correct, and meritorious defenses, the Court will grant its motion to vacate.

### 3. MOTION FOR DEFAULT JUDGMENT

Before Gap moved to vacate entry of default, Smiley moved for default, which the magistrate judge then presiding over this case construed as both a motion for entry of default and for default judgment. *See supra* Section 1. The Court will deny Smiley's motion for default judgment because it is vacating the default against Gap. *See supra* Section 2.

### 4. CONCLUSION

For the reasons stated herein, Gap's motion to vacate entry of default will be granted and Smiley's motion for default judgment will be denied. The Court is contemporaneously filing its Comprehensive Protocols and Procedures Order, which outlines the process by which a party may move to dismiss. If Gap intends to move to dismiss for any of the reasons outlined in its motion to vacate, or for any other reasons, it may file an executive summary about that anticipated motion within **twenty-one (21) days of this Order.** Alternatively, Gap may file a responsive pleading within **twenty-one (21) days of the date of this Order.**

Accordingly,

**IT IS ORDERED** that Defendant Gap, Inc.'s motion to vacate entry of default, ECF No. 9, be and the same is hereby **GRANTED**;

Case 2:25-cv-01080-JPS    Filed 07/08/26    Page 7 of 8    Document 19

**IT IS FURTHER ORDERED** that Plaintiff Jailin D. Smiley's motion for default judgment, ECF No. 7, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Gap, Inc. shall file either a responsive pleading or an executive summary for an anticipated Rule 12 motion within **twenty-one (21) days of the date of this Order**.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Case 2:25-cv-01080-JPS    Filed 07/08/26    Page 8 of 8    Document 19